Joseph Perlov, Plaintiff, *v.* Loric Holding Corp., Defendant.

Supreme Court, Special Term, Kings County, June 4, 1948.

*Lesser & Lesser* for defendant.

*Benjamin S. Kalnick* for plaintiff.

Walsh, J. Defendant moves to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that it appears on the face thereof that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges that plaintiff is now a month-to-month tenant in a six-story apartment dwelling; for a few years he had been a tenant under a written lease, which is not now before the court, though the terms of it may control the present relationship; that plaintiff purchased a television set and then placed an aerial on the roof of the building " with the knowledge, permission and consent of the defendant," landlord; that the roof had been used in common by all of the tenants and at least six aerials had been installed by tenants; that upon plaintiff's failure to agree to a 15% increase in rent during the same month of May, 1948, defendant notified the tenant, the plaintiff, to remove the aerial or he, the landlord, would do so. Plaintiff seeks a declaratory judgment with respect to his right to maintain a television aerial on the roof and for a temporary and permanent injunction. A motion for a temporary injunction has been denied and the decision thereon is published herewith (191 Misc. 833).

It appears to the court to be too early to find that the installation of a television aerial is an appurtenance to which a tenant in the present situation would have a right. The complaint does not describe the aerial but from the argument of the two motions it would appear that it is a substantial piece of equipment requiring attachment to the roof parapet walls. One for each of the fifty-nine tenants, affixed to the roof, with the required wires on the outside of the building to the various apartments from the roof, might create a hazard. It appears that the roof is a tar roof.

On the other hand, the court cannot hold that the present complaint does not state facts sufficient to constitute a cause of action. Defendant contends that permission to install an aerial would be, at most, a license. The plaintiff is allegedly a month-to-month tenant. By agreement of the parties the rights of the tenant could be varied from month to month. The installation of an aerial, depending upon an agreement between the parties, might be more than a license. For the purposes of this motion, the allegations of the complaint must be given every reasonable inference and fair intendment.

It will require a trial of the facts to determine what, if any, rights plaintiff has to install and maintain an aerial. This question is of such current importance that the parties should stipulate to try the case as soon as possible. Upon their stipulation, the court will set the case down for trial this month, subject, of course, to the further directions of the Justice presiding in that part. Settle order.